IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LAURENCE LANDRY**                                                                                    **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO.  1:04cv20JMR-JMR**

**ASTRID CONTRACT TECHNICAL SERVICES, LTD**                                   **DEFENDANT**

## MEMORANDUM OPINION

   **T**his cause comes before the Court on the motion of the Defendant , Astrid Contract Technical Services, LTD ("Astrid") for summary judgment [53-1] pursuant to Rule 56 of the Federal Rules of Civil Procedure.  After due consideration of the evidence of record, the briefs of counsel, the applicable law and being otherwise fully advised in the premises, the Court finds as follows.

### Statement of Facts

   Plaintiff , Laurence Landry, was injured on August 13,2002 while in the course and scope of his  employment as an electrician in the engineering department of the Department of Veteran Affairs upon the premises of the Veterans Administration Medical Center in Biloxi , Mississippi. ( Paragraphs 4 and 5 of Plaintiff's Complaint ) Plaintiff alleges that he was injured " while installing cable in the ceiling area near the outpatient clinic waiting room in Building 3 when the ceiling he had entered collapsed and caused him to fall approximately ten feet .( Paragraph 5 of the Complaint ) Prior to the accident, Astrid's construction division  had a contract with the Department of Veteran Affairs to perform structural repairs and renovation to the medical facility in the area where the plaintiff fell. Plaintiff contends that as part of the repairs and renovations, employees and agent s of Astrid affected changes in the ceiling support structure where the Plaintiff fell. ( Paragraph

6 of the Complaint) The ceiling in question was a suspended, acoustical ceiling which was hanging by wires. ( Photographs attached as Exhibit B to the pending motion, Plaintiff 's deposition at p.22-23 Exhibit C to the pending motion , David Boggs' Deposition at p.13 Exhibit D to the pending motion) .

Following the accident an investigation was performed by the VA Medical Center ( VA Investigative Report, Exhibit E of the pending  motion ). The report concluded  that the ceiling was being held in place by  a small nail which pulled away causing the ceiling to collapse.( Exhibit E to the pending Motion ) The VA investigation determined that employees had been crawling in the ceilings on a regular basis and the VA supervisors were aware of the practice.

The construction project which Astrid contracted to perform was to renovate a file morgue into a women 's clinic. ( See Exhibits M and L of the attached to the pending Motion ). The part of the job  relevant to the incident in question consisted of removing a curved glass and replacing with a sheet rock wall.

## II. Analysis

A.  Standard of Review

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1]  "Only disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."[2] The

---

[1] Fed.R.Civ.P. 56(c).

[2] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact.[3] Summary judgment can be granted only if everything in the record demonstrates no genuine issue of material fact exists.[4] It is improper for the court to "resolve factual disputes by weighing conflicting evidence... since it is the province of the jury to assess the probative value of the evidence."[5] Summary judgment is also improper where the court merely believes that it is unlikely that the non-moving party will prevail at trial.[6] To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact.[7] When this court entertains motions for summary judgment, it must view the evidence in a light most favorable to the non-moving party.

B.  Discussion

The Court finds there are genuine issues of material fact as to whether or not Defendant , re-anchored the portion of the ceiling in question, and if so, exercised reasonable care. Further, whether any alleged of the Defendant's alleged failure to use reasonable care in anchoring the ceiling could have been a foreseeable result of the injury of the plaintiff. The Court finds any alleged negligence of the Plaintiff would be part of a comparative negligence analysis.

Based on the foregoing, this Court finds that there are indeed genuine issues of material fact present in this action, and that the defendants are not entitled to summary judgment as a matter of

---

[3]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[4]*Id.*

[5]*Kennett-Murray Corp.  v.  Bone*, 622 F.2d 886, 892 (5th Cir. 1980).

[6]*National Screen Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir. 1962).

[7]*Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986).

law on plaintiff's claims of negligence.  Accordingly, the Defendant's Motion [53-1] for Summary Judgment on the issue of negligence should be denied.

This the 9th day of March, 2006.

                                                              s/John M. Roper
                                       CHIEF UNITED STATES MAGISTRATE JUDGE